UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT L. DYKES #201541,

    Plaintiff,

v.                                             Case No. 1:14-CV-1167

N. MARSHALL, et al.,                  HON. GORDON J. QUIST

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER
## REGARDING REPORT AND RECOMMENDATION

On December 29, 2015, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R) which addressed Plaintiff's motion for leave to file an amended complaint (ECF No. 13), Defendants Marshall's and Jones's motion for summary judgment based on Plaintiff's failure to exhaust (ECF No. 15), Defendant North's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 20), Defendant Meadows's "joinder and concurrence" in Defendant North's motion (ECF No. 29), and Plaintiff's and Defendant North's "Objections" (ECF Nos. 30 and 32). The magistrate judge first concluded that Plaintiff's motion to amend should be denied as moot, but his proposed amended complaint be allowed because Plaintiff filed his amended complaint within the time permitted by Federal Rule of Civil Procedure 15(a)(1). (R & R at 6.) Having concluded that the amendment should be allowed, the magistrate judge screened the amended complaint, concluding that the Eighth Amendment, First Amendment free exercise, Fourth Amendment, and First Amendment access to courts claims should be dismissed, noting that several of these allegations had been dismissed following screening of Plaintiff's initial complaint. (R &

R at 9–12.) In addition, the magistrate judge noted that the amended complaint omitted Plaintiff's previous equal protection claim and his claim against Defendant Meadows. (R & R at 12.) Finally, the magistrate judge recommended that Defendants' motions and the parties' objections be denied as moot because they do not address the claims in the amended complaint, which would be the operative pleading. (R & R at 12–13.)

Plaintiff has filed Objections, in which he requests that the Court reject the R & R because he did not intend to file a new complaint or abandon his original complaint. Rather, Plaintiff states, he merely intended to supplement his pleading, as allowed by Rule 15(d). However, Rule 15(d) refers to supplementation based on "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." That is not the case with Plaintiff's proposed amendment, which, according to Plaintiff, attempts to supplement his original claims. Plaintiff requests that the Court *deny* his motion for leave to amend and allow him to proceed on his original pleading. The Court will, therefore, treat Plaintiff's Objection as a motion to withdraw his motion for leave to amend and proposed amended complaint and allow him to proceed on his original complaint. Plaintiff's motion to amend becomes moot and Plaintiff's amended complaint is stricken. Now, because Plaintiff's original complaint is revived as the operative pleading, the Court will rule on Defendants Marshall's and Jones's motion for summary judgment and Defendant North's motion to dismiss.

I.     **Motion for Summary Judgment for Lack of Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has held that this provision bars a prisoner's suit unless the prisoner first presents his grievance to the state

pursuant to the established grievance procedure and within the deadlines set by the state. *Woodford v. Ngo*, 548 U.S. 81, 93–95, 126 S. Ct. 2378, 2387–88 (2006). "[I]t is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 923 (2007). Failure to exhaust administrative remedies is an affirmative defense that must be proved by the defendant. *Id.* at 216, 127 S. Ct. at 921; *see also Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) ("Non-exhaustion is an affirmative defense under the PLRA, with the burden of proof falling on the [defendant].").

Defendants Marshall and Jones argue that the Court should dismiss Plaintiff's claims for failure to exhaust his administrative remedies because the Step III Grievance Report they submitted in support of their motion shows that Plaintiff filed ten Step III grievances while incarcerated at the Michigan Reformatory, but none of those grievances was "completed/resolved" prior to the date Plaintiff filed his original complaint in this case. (ECF No. 16 at PageID.193–94.) In other words, Defendants argue that because the MDOC had not issued Step III responses prior to the time Plaintiff filed his complaint in this case, Plaintiff could not have properly exhausted.

It is true that "[w]hen a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate." *Poor v. Grayson*, 46 F. App'x 825, 826 (6th Cir. 2002). "Exhaustion may not be completed after a federal complaint has been filed." *Id.* (citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)). However, Defendants' motion fails because, as Plaintiff correctly notes, the MDOC failed to comply with its own grievance procedure by timely responding to Plaintiff's grievances. The MDOC's grievance procedure provides, in relevant part, "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been

3

approved in writing by the Grievance Coordinator at Step I and/or Step II." Policy Directive 03.02.130 ¶ S. In addition, the policy allows a grievant to proceed to the next step if prison staff has not responded within the required time frames. *Id.* ¶ T. As Plaintiff notes, when Plaintiff filed his complaint, each grievance Defendants identify in their motion had been pending for more than 120 days, and in some cases for around 240 days—twice the time the MDOC allows for completion of the grievance process—without authorized extensions.

      The Sixth Circuit has held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). Moreover, judges in this district, including the undersigned, have concluded that administrative remedies are deemed exhausted after 120 days regardless of whether a Step III response has been issued. For example, in *Brown v. Prelesnik*, No. 1:12-CV-873, 2014 WL 632093 (W.D. Mich. Feb. 18, 2014), the court observed that a prisoner should be permitted to file a lawsuit if prison officials failed to respond to the prisoner's grievance within the 120-day period "because in such a circumstance, the inmate has completed the administrative process as defined by the MDOC and the MDOC's failure to comply with its own guidelines should not be able to be employed as the basis for the dismissal of the inmate's lawsuit." *Id.* at *5; *see also Carter v. Ayala*, No. 1:13-CV-807, 2014 WL 4660320, at *3 (W.D. Mich. Sept. 17, 2014) (denying the defendants' motion for summary judgment on exhaustion grounds because prison officials failed to provide a timely step III response); *Jarrett v. Snyder*, No. 1:13-CV-139, 2014 WL 4472732, at *2 (W.D. Mich. Sept. 10, 2014) ("Defendants' argument that Plaintiff should have simply waited for a response before filing his complaint—no matter how long that response took—is unavailing.").

Defendants Marshall and Jones cite no other reason for concluding that Plaintiff failed to exhaust and, therefore, have failed to demonstrate lack of exhaustion. Accordingly, their motion for summary judgment will be denied.

## II. Defendant North's Motion to Dismiss

Defendant North also argues that Plaintiff's claims against him should be dismissed for lack of exhaustion. Defendant North further argues that Plaintiff cannot state a claim against him because Defendant North was not acting under color of law while overseeing Plaintiff's work in the prison kitchen. Finally, Defendant North says that Plaintiff's allegations fail to establish a retaliation claim and that his conspiracy allegations are conclusory in nature and insufficient to state a claim. Defendant Meadows "joins and concurs" in Defendant North's motion "on the grounds that the arguments raised by Defendant North are equally applicable to Defendant Meadows." (ECF No. 29 at PageID.372.)

### A. Exhaustion

In support of his lack of exhaustion argument, Defendant North raises the same argument raised by that Defendants Marshall and Jones—that Plaintiff failed to complete exhaustion before filing his complaint. This argument fails for the reasons set forth above.

Defendant North raises an additional argument in his reply. Defendant North asserts that Plaintiff failed to properly exhaust because he failed to resolve the issue with Defendant North prior to filing his grievances, as required by the MDOC's grievance procedure. Defendant North waived this argument by failing to raise it in his opening brief. As the court observed in *Sims v. Piper*, No. 07-14380, 2008 WL 3318746 (E.D. Mich. Aug. 8, 2008), a moving party is not permitted to raise arguments for the first time in a reply because it deprives the opposing party of an opportunity to respond. *Id.* at *4–5. The Sixth Circuit's longstanding rule is that issues raised for the first time in

a reply brief are considered waived. *See Tranter v. Orick*, 460 F. App'x 513, 515 (6th Cir. 2012) ("We decline to consider Tranter's argument that the witness statements are excited utterances under Rule 803(2) or were otherwise independently admissible because he waived them by raising them for the first time in his reply brief."); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (stating that "we have found issues to be waived when they are raised for the first time in motions requesting reconsideration or in replies to responses").

### B.     Failure to State a Claim

Defendant North argues that Plaintiff may not assert a claim against North under 42 U.S.C. § 1983 for violating Plaintiff's federal constitutional rights because Defendant North is an employee of Aramark, a private corporation that contracts with the MDOC to provide food services to inmates. In order to assert a valid claim under § 1983, a plaintiff must allege that the defendant acted under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S. Ct. 1729, 1733–34 (1978).

For purposes of the instant motion, this Court assumes Aramark—having contracted with the State to fulfill the State's constitutional obligation to provide a nutritionally-adequate diet to inmates—can be held liable as a state actor under § 1983. In the context of medical services, the Sixth Circuit has stated that "it is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting under color of state law." *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). Based on this reasoning, court have allowed prisoners to proceed on § 1983 claims against Aramark employees. *See Mills v. Aramark Corp.*, No. 1:15-cv-610, 2015 WL 7820872, at *3 (S.D. Ohio Nov. 10, 2015); *Horn v. Hunt*, No. 2:15-cv-220, 2015 WL 5873290, at *4–5 (S.D. Ohio Oct. 8, 2015)

(rejecting Aramark employee's assertion that he was not a state actor for purposes of § 1983 because Aramark assumed the state's obligation to provide food service to inmates).

### *Retaliation Claim*

Inmates have a constitutional right of access to the courts that extends to direct appeals, habeas corpus applications, and civil rights claims only. *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). This right extends to the filing of formal grievances. As the Sixth Circuit has previously explained:

> An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf. This right is protected, however, only if the grievances are not frivolous. Thus, [an inmate's] pursuit of legal claims . . . [is] protected conduct only to the extent that the underlying claims ha[ve] merit.

*Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (internal citations omitted). Stated differently, a grievance is frivolous, and thus not considered protected activity, "if it complains of conduct that is not legally actionable." *Walton v. Jones*, No. 14-1299-JDT-egb, 2016 WL 483143, at *6 (W.D. Tenn. Feb. 5, 2016) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)).

Plaintiff's retaliation claim against Defendant North alleges that Plaintiff's threatened and actual filing of a grievance against Defendant North for "unsanitary practices" based on North taking a cookie from a cookie sheet and eating it while supervising the food line is the reason for the retaliation. But, any claim by Plaintiff that Defendant North's "unsanitary practices" violated his constitutional rights would have been frivolous. Accordingly, Plaintiff's retaliation claim fails because Plaintiff did not engage in protected conduct.

Plaintiff's claim against Defendant Meadows also fails. Plaintiff filed grievances against Defendant Meadows for unprofessional and intimidating conduct and harassment. Such broad allegations do not support an actionable claim. *See Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009) (stating that "general abuse and harassment . . . , while a shameful reflection on the prison

system . . . , does not constitute cruel and unusual punishment"); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (stating that "verbal abuse," "harassment," or "arbitrariness" do not qualify as punishment for purposes of the Eighth Amendment). While Plaintiff also filed two grievances alleging that Defendant Meadows engaged in retaliatory conduct, the conduct giving rise to the alleged retaliation was the same unprotected conduct—filing a frivolous grievance. Plaintiff fails to state a retaliation claim against Defendant Meadows.

### *Conspiracy Claim*

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565, 127 S. Ct. 1955, 1970 (2007) (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegations of conspiracy, viewed in the light most favorable to Plaintiff, are conclusory and speculative. Plaintiff claims that Defendants conspired to terminate him from his job and cites various incidents involving Defendants, but he does not allege anything more than a possibility of a conspiracy. Allegations that individuals engaged in various acts that resulted in

harm do not meet the particularity requirement for a conspiracy claim. As the Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. In light of the far more likely possibility that the various incidents Plaintiff alleges were unrelated, Plaintiff fails to state a plausible claim of conspiracy. Because the conspiracy claim fails as to all Defendants, that claim will be dismissed from the case.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 29, 2015 (ECF No. 38) is **REJECTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 13) is deemed **WITHDRAWN** and, along with Plaintiff's proposed amended complaint (ECF No. 13-1), shall be **STRICKEN**

**IT IS FURTHER ORDERED** that Defendants Marshall's and Jones's Motion for Summary Judgment Based on a Failure to Exhaust Administrative Remedies (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant North's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 20), in which Defendant Meadows joins (ECF No. 29), is **GRANTED** on the grounds that Plaintiff fails to state valid retaliation claims against Defendants North and Meadows, and Plaintiff fails to state a cognizable conspiracy claim against all Defendants. Accordingly, Defendants North and Meadows, and Plaintiff's conspiracy claim, are **dismissed** from this case.

**IT IS FURTHER ORDERED** that in light of the foregoing, Plaintiff's Objection and Defendant North's Objection (ECF No. 30, 32) are **DISMISSED AS MOOT**.

Dated: March 17, 2016          /s/ Gordon J. Quist
                               GORDON J. QUIST
                               UNITED STATES DISTRICT JUDGE