UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. DYKES,

    Plaintiff,

v.                                                                               Case No. 1:14-cv-1167

NANCY MARSHALL, et al.,                                  HON. GORDON J. QUIST

    Defendants.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Robert Dykes, is currently incarcerated by the Michigan Department of Corrections. This case arises out of the termination of Plaintiff's prison work assignment with the prison food services. Plaintiff alleges that (1) Defendant Marshall discriminated against him in violation of the Equal Protection clause; and (2) Defendants Marshall and Jones retaliated against Plaintiff in violation of the First Amendment by terminating his employment with food services and classifying him as unemployable after Jones found a note from Plaintiff that purportedly demanded payment from another inmate for legal services performed by Plaintiff. Defendants Marshall and Jones moved for summary judgment, arguing that they were entitled to judgment as a matter of law and qualified immunity. (ECF No. 73.)

On July 21, 2017, Magistrate Judge Ray Kent issued a Report and Recommendation (R&R) recommending that the Court grant Defendants' motion as to the equal protection claim and the retaliation claim against Defendant Jones, and deny Defendants' motion as to Plaintiff's retaliation claim against Defendant Marshall. (ECF No. 83.) Plaintiff timely objected. (ECF No. 85.) Upon receiving objections to a R&R, the district judge "shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting a de novo review of the R&R, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the R&R should be adopted.

### *Extension of Deadline to File Dispositive Motions*

Plaintiff first objects to Magistrate Judge Kent granting Defendants' request to extend a deadline for filing dispositive motions. (ECF No. 85 at PageID.720.) Judge Kent entered an order granting an extension on November 1, 2016. (ECF No. 68.) Under Rule 72, Plaintiff had 14 days from the date of service to file objections to that order. Fed. R. Civ. P. 72(a). Plaintiff's objection is, itself, untimely. The extension was properly granted in any event. Rule 6(b) authorizes the Court to extend deadlines "for good cause." Fed. R. Civ. P. 6(b)(1)(A). Defendants' brief in support demonstrates good cause. (ECF No. 65.) This objection is overruled.

### *Equal Protection*

The Magistrate Judge recommended that the Court grant Defendants' motion on Plaintiff's equal protection claims because Plaintiff failed to identify similarly-situated white inmates that were treated differently. (ECF No. 83 at PageID.712.) In his complaint, Plaintiff identified a number of white prisoners who were terminated from the food services department for various reasons but who were not issued a misconduct or classified as unemployable:

> Prisoners Edgley and Hibdon were both taken to segregation from their food service job assignemets [sic]…Prisoner Duranso was accuse [sic] of assaulting a female food service supervisor…[and] Prisoners Moore and Fox were accused of being over familiar with a food service female supervisor….

(ECF No. 1 at PageID.23-24.) The R&R based its conclusion on the fact that no prisoner described above was terminated for the same reason for which Plaintiff was purportedly terminated: for having attempted to obtain payment from another prisoner for legal work. (ECF No. 83 at

2

PageID.709-10 (citing ECF No. 75, PageID.634).)

Plaintiff objects on a number of grounds. First, Plaintiff argues that Defendants' grounds for termination was fabricated, and that they have not otherwise produced evidence to support a finding that Plaintiff was terminated because of the alleged extortion. (ECF No. 85 at PageID.721-23.) Plaintiff's theory of this case is that he was terminated because he wrote a grievance against Defendant North on May 13, 2014. Even assuming that Plaintiff's accusation of fabrication is correct, he has still failed to show that the white prisoners were similarly-situated inasmuch as the identified white prisoners were not terminated in retaliation for writing grievances. This objection is overruled.

Second, Plaintiff objects that the R&R failed to address a related, but separate, equal protection claim based on Defendant Marshall's refusal to reclassify Plaintiff. (ECF No. 85 at PageID.724.) This objection is overruled for the same reason as the previous objection: Plaintiff has failed to identify similarly-situated inmates who were treated differently.

Plaintiff also objects that the R&R "failed to analyze the Plaintiff's claim under the theory that the Plaintiff was treated differently as a 'class of one' without a rational basis." (*Id*.) Plaintiff did not raise a class-of-one argument in response to Defendants' motion for summary judgment. (ECF No. 78.) This objection has been waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011) (citing *Murr v. United States*, 200 F.3d 895, 902–03 n.1 (6th Cir. 2000)).

### *Qualified Immunity*

The R&R recommended that the Court grant all of the Defendants' motion for qualified immunity on the equal protection claims and on the First Amendment retaliation claim against Defendant Jones. (ECF No. 83 at PageID.717.) Plaintiff objects, simply arguing that "the defendants are being sued in their official and personal capacities[, and] the defendants were fully

3

aware of the constitutional law violations. (ECF No. 85 at PageID.724.) "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "In general, 'the failure to file specific objections to a magistrate's report constitutes a waiver of those objections.'" *Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016), *cert. denied sub nom. Carter v. Jenkins*, 137 S. Ct. 637 (2017) (quoting *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)). Plaintiff merely objects generally to the conclusion in the R&R, and fails to meet the specificity requirement. This objection is overruled.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's objection (ECF No. 85) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 83) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 73) is **GRANTED** with respect to Plaintiff's equal protection claim against Defendant Marshall and Plaintiff's retaliation claim against Defendant Jones, and **DENIED** with respect to Plaintiff's retaliation claim against Defendant Marshall.

Dated: August 23, 2017  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE