United States District Court
Western District of Michigan
Southern Division

FILED - GR
March 7, 2018 10:26 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc   SCANNED BY: /s/ 3/8/18

Robert L. Dykes-Bey,
           Plaintiff,

v.

Nancy Marshall,
           Defendant,

Case No. 1:14-CV-1167
Hon. Gordon J. Quist

## Plaintiff's Pretrial Narrative Statement

Defendant Nancy Marshall grossly abused her official authority as the Classification Director, when she used that authority to retaliate against me, by terminating me from my Food Service job without a legitimate penological reason, reclassifying me as unemployable, restricting me to my cell, and making me ineligible for indigent status, for exercising my First Amendment Constitutional Right to file grievances on her co-workers. To prove this claim of Retaliation I assert the following:

1. I was engaged in activity protected by the First Amendment of the U.S. Constitution, when I filed legitimate grievances against S. Jones (who was the chowhall officer at the time) for violating Policy Directive (hereafter-PD) 03.03.140 (D)(2); and against Meadows (who was a Food Service Supervisor) for violating PD-03.03.130 (I)(6), and (k).

2. Six days later, both S. Jones and Meadows retaliated against me

Pg. (1)

for exercising my Constitutional Right to File grievances, when they both issued me separate, non-existing Rule infractions Called "Counsel Warnings" on the same day. In their efforts to have me terminated from Food Service.

3. I Filed legitimate Retaliatory grievances against both S. Jones and Meadows. The very next day, Meadows fabricated a misconduct claim against me, and had me laid-in from my job pending termination. Staff Reviewed the camera, Found that Meadows had fabricated this claim, threw the misconduct out, tore up the lay-in notice, and allowed me to come back to work. I Filed another Retaliatory grievance against Meadows.

4. I Filed a legitimate grievance against D. North (who was a Food Service Supervisor) for Violating PD-04.07.130, and the Food and Drug Administration Food Code.

5. The very next day, D. North Retaliated against me by fabricating a claim against me (for which I received no misconduct, or investigation), Falsifying two Department documents with the assertion of this Falsehood, calling for my termination in one document (unofficially as it was the wrong form), and Requesting that I be given a (30) day Conditional.

6. I Filed a legitimate Retaliation grievance against D. North.

7. Defendant Nancy Marshall took an adverse action against me in response for filing grievances against S. Jones, Meadows, and D. North.

8. I will establish each element with facts both orally and documentary.

Pretrial Narrative Statement Continue:

## Oral And Documentary Evidence Plaintiff Intends To Use To Establish His Claim

To establish a First Amendment Claim the Plaintiff must establish: 1) he was engaged in activities protected by the U.S. Constitution or Statute; 2) that the defendant took an Adverse Action against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this Adverse Action was "motivated in substantial part by a desire to punish an individual for exercise of his constitutional right." Thaddeus-X v. Blatter, 175 F.3d 378, 399 (6th Cir. 1999).

As to the First Prong the Plaintiff offers the Following:

A) A prisoner has a protected Constitutional Right to petition the government for Redress of his grievances. U.S. Constitution Amendment (1); Hill v. Lappin, 630 F.3d 468, 2010 U.S. App. LEXIS 26291 (6th Cir. 2010). (Will be offered orally).

B) To afford prisoners a means to exercise this First Amendment protected Right, the Michigan Department of Corrections (Hereafter-M.D.O.C) created Policy Directive (Hereafter-PD) 03.02.130 "Prisoner/Parolee Grievances". Which gains its authority from Michigan Complied Law (Hereafter-MCL) 791.203. This official method is a means by which a prisoner seeks redress when violation(s) of policy, procedure, or prison conditions are occurring or have occurred. (Will be offered orally, with the exception of PD-03.02.130-Exhibit-00)

C) The Filing of legitimate grievances is protected by the First Amendment of the U.S. Constitution. Smith v. Campbell, 250 F.3d 1032, 1037 (6th Cir. 2001). (Will be offered orally)

Pg. (3)

Engaged In Protected Conduct:

D) On 4/22/2014, I Filed A legitimate grievance Against S. Jones For violating PD-03.03.140 (D)(2) "Search And Arrest In Correctional Facility" As he Inappropriately touched my inner thighs, phallus, gentials, And buttocks during patdowns. (See Exhibit-01).

On 4/21/2014, I Filed A legitimate grievance Against meadows For violating PD-03.03.130 (J),(K)(4) "Humane Treatment And Living Conditions For Prisoners". For harassment And discrimination. (See Exhibit-01)

E) On 4/27/2014, both S. Jones And meadows Retaliated Against me For exercising my protected Right to File grievances, when they issued me Separate, Non-existing Rule Infractions (Falsifying a department document) In the Form of Counsel warnings (see Exhibit-6); In their efforts to have me terminated From Food Service (see Exhibit-5). Temporal proximity Alone may be Significant enough to constitute direct evidence of Retaliatory motive. Muhammad V. Close, 379 F.3d 413, 417-18 (6th Cir. 2004). (Note: Thats Exhibit-5, pg. 6, No. 6).

F) On 4/27/2014, I Filed legitimate Retaliatory grievances Against S. Jones And meadows (see Exhibit-02).

On 4/28/2014, meadows Fabercated A misconduct claim Against me, wrote A Room Lay-In Notice And A CSJ-363 work Report, Laying me in From my job pending termination. Staff Reviewed the Camera, Found that meadows had Fabercated this claim, And Ripped up the misconduct, Lay-In Notice, And CSJ-363 work Report, Re-Instating my job. I wrote A Retaliatory grievance. (see Exhibits-02, And 06). This is Further proof of Retaliatory motive.

G) On 5/12/2014, I File A legitimate grievance On D. North For Unsanitary practices, violating PD-04.07.103 "Food Safety And Sanitation", And the "Food

Pg. (4)

And Drug Administration Food Code". (See Exhibit-03).

H) On 5/13/2014, D. North retaliated against me, when he falsified (2) department documents by asserting fabercated claims in them, that I was "extorting prisoners in violation of PD-05.01.116(L) Accepting and Forcing Compensation for doing legal work for Another prisoner Johnson 791359". (See Exhibits-07 And 08). In Exhibit-07 he calls for my termination (which is not the Official, Authorized form to request termination, As expressed in PD-05.01.100 (FF) And (GG); presented as Exhibit-11). But, in Exhibit-08 he calls for me to be issued a (30) day conditional in accordance with PD-05.01.108 (FF) Note: I never received a misconduct, administrative hearing, or an investigation for the fabercated claims of D. North, no evidence was ever presented to establish his claims.

I) On 5/15/2014, I Filed a legitimate Retaliatory grievance against D. North. (See Exhibit-04).


Adverse Action: Evidence offered to establish the Second Prong:

J) It is well established that "...prison officials may not terminate a prisoner employment in retaliation for the exercise of First Amendment Right." Aaron v. Kimmel, 2012 U.S. Dist. LEXIS 90957. (Offered Orally).

K) It is also well established that "Termination from prison employment (in the context of a Retaliation claim) may constitute Adverse Action." Pasley v. Conerly, 345 F. App'x 981 (6th Cir. 2009).

L) On 6/2/2014, the defendant Nancy Marshall retaliated against me for exercising my Constitutional Right to File grievances on S. Jones, meadows, and D. North, when she terminated me from my Food Service job without a penological Reason, So she fabercated one, claiming that her Reason for termination was that I allegedly received a "436 misconduct on Assignment".

Pg. (5)

(See Exhibit-09). No misconduct was ever produced. When my case manager (ARUS Rogers) submitted a 3rd request for me to be reclassified pursuant to PD-05.01.100 (AA) (because the defendant continued to deny my reclassification requests without a reason) asking the defendant what misconduct is she referring to, and on what date, as I had no misconducts since 2013, the defendant replied "Various Reasons From F/s." (See Exhibit-13). Establishing that she fabercated the misconduct claim. Establishing she did not have a penological reason, but a retaliatory reason.

②The M.D.O.C has an official, formal procedure by which a prisoner can be terminated from his institutional job assignment, ① is found guilty of a misconduct at an initial misconduct hearing; ② poor work performance (see Exhibit-11, Sec. (cc) and (FF); Also see Exhibit-05, pg.6, No.6). I did not meet any of these criterias, which is why the defendant asserted a fabercated claim as her reason for termination on the official form (See Exhibit-09), as her official reason.

③The M.D.O.C has an official, formal procedure by which a supervisor must move the Classification Director to have a prisoner terminated from his institutional job assignment, by requesting that a prisoner be terminated using a "Prisoner Program and Work Assignment Evaluation CSJ-363 Form". (See Exhibit-11, Sec. (FF). There is no evidence that a CSJ-363 was conducted requesting termination. The CSJ-363 offered by the defendant requested a (30) day conditional. Establishing that she abused her authority to retaliate against me. (See, Exhibit-08 for "CSJ-363)

④The M.D.O.C Reclassification hearing is an administrative hearing, requiring a determination printed on a CSX-175 Form (Reasons for the findings) by the Classification Director. (See Exhibit-11, Sec. H). The reason asserted by the defendant was a fabercated one (See Exhibit-09).

Pg.(6)

<u>Connection and motive</u>: <u>Evidence To Establish Third Prong</u>:

m) ① It was the Falsified documents of D. North, that caused the Reclassification hearing (see Exhibits-07 and 08).

② When I tried to show the defendant the grievances I wrote against S. Jones, Meadows, and D. North, and the statement written by Johnson #791359 (see Exhibit-07 for Johnson's statement), to show that I was being retaliated against, the defendant stated, "I don't need to see them, I'm fully aware of them and the conflict your having with staff, of which is over, because I'm terminating you from your job." (see, Plaintiff's Complaint, Doc. 1, pg. ID 16). A fact by the Plaintiff under oath, which was never disputed by the defendant. Establishing that officials I wrote grievances on, complained to her about those grievances, how else could she have already been aware of them?

③ When my case manager (ARUS Rogers) asked the defendant about the assertion of the fabercated claim "436 misconduct" on the Reclassification hearing Report, the defendant stated, "For various reasons from F/S", which can only be the grievances I wrote against Food Service staff, as I never had a negative "Prisoner Program and Work Assignment Evaluation (CSJ-363)" Report, I never received a misconduct Report, or a legitimate Counsel warning.

<u>Note</u>: As I've stated under oath (and no evidence was ever presented to the contrary) There is no such rule as "Being Argumentive"; There is no rule, that a prisoner, who was sent back to his cell (by a security officer), has to disobey that order, and find a supervisor, to inform that supervisor, that he has been sent back to his cell by an officer; The "Verbal warning" issued for a note found on another prisoner, written by me, is not a rule infraction of any kind (written correspondences are allowed within the facility a prisoner is housed; the "Attempting" to commit a rule infranction is not an infraction at all. We are talking about minor rule infractions, which is what the "Disciplinary Tracking Sheet" is for); and as for

Pg. (7)

the "Lying to An Employee" written by Meadows, that was thrown out, And as you can see on the "Disciplinary Tracking Sheet" it was scratch out, And so, the defendant Could not have Refererence to any of these when she used the term "For Various Reasons From F/s" (see, Exhibit-6 For Counsel warnings listed Above) (see, Plaintiff's Complaint, Doc.1, pg. ID 15, For Statement of Facts made by the Plaintiff Under Oath, pretaining to the Non-Rule infractions).

④ While the Defendant's official Reason For the termination is logged on the Reclassification "Program Classification Report" (see Exhibit-09), the defendant's own Affidavit, Sworn to Under Oath, establishes the connection, As she admits that her Reason For terminating me, was based on the Retaliatory Fabercation of D. North (see, Exhibit-10, pg.2, No. 4). While this Fabercation was not used by the Defendant As her official Reason At the Reclassification hearing (the Fabercation that I Received A 436 misconduct was-see Exhibit-09), this Fabercation by D. North Non-the-less influenced the defendant's retaliatory Actions which Caused the termination.

⑤ The defendant willfully violated department policy and procedure to Acheive her Retaliatory goal; No Supervisor properly and officially Requested termination As expressed in PD-05.01.100 (GG), officially, A (30) day conditional was Requested (see, Exhibit-08); I did not meet the Criteria to be terminated As set Forth in P.D-05.01.100 (CC) And (FF), And the "Orientation manual For Food Service Workers", pg. 6, (1)-(9) (see, Exhibit-5); Nor did I meet the Criteria to be Reclassified As unemployable As set forth in PD-05.01.100(x)(1)-(5), And (4). (see, Exhibit-11 For PD-05.01.100). The defendant's Retaliatory motives overrode policy and procedure. It was more important to Assist her Co-workers.

⑥ The defendant willfully violated Department work Rules, when she deliberately Asserted A Fabercated Claim on the Program Classification Report (CSX-175), that her Reasons For termination was that I had Received A

"436 misconduct on assignment" (see, Exhibit-09), thereby Falsifying a department document. The defendant's Retaliatory motives overrode her oath to adhere to the department work Rules, and possible suspension or termination.

① The defendant knowingly and intentionally committed perjury. Under oath, in her affidavit, the defendant falsely stated, that her termination was based on the Retaliatory Fabercation of D. North (see, Exhibit-10; pg.3, No. 4), as a means to justify her Retaliatory Actions. Yet, the official, Authentic Record Shows, that she did not use the fabercated Asserted in Exhibit-08, but Asserted her own Fabercation, that I was being terminated For an Alleged 436 misconduct Received while on Assignment (see, Exhibit-09) which is the Official Reason For termination (penological Reason) Although it was fabercated, and constitutes an egregious abuse of authority (the Falsifying of a department document) It was her official Reason.

Note: It is worthy to note, that it wasn't until I filed this lawsuit, did the defendant find it convenient to use the Retaliatory Fabercation of D. North, in an effort to justify her Retaliatory Actions. The perjured testimony only exposed the true motive (D. North creates Falsified documents to give the defendant the opportunity to call for and conduct the Reclassification hearing) and Source of the influence, which caused the termination.

Continued Retaliatory Acts by the Defendant:

N) ① On 6/3/2014, I filed a legitimate grievance against defendant marshall for violating my due process in the administrative Reclassification hearing, and for Retaliating against me for Filing grievances against Food Service Staff (see, Exhibit-12).

② On 7/15/2014, my case manager (ARus Rogers) conducted a Program Classification Report (CSX-175) pursuant to PD-05.01.100 (AA)

Pg. (9)

the defendant refused to consider me for Reclassification, without any explanation as to why. (See, Exhibit-13).

② On 8/8/2014, ARUS Rogers submitted a second request for me to be considered for Reclassification, so I can get off unemployable status, and get a job or Request for Indigency, and again, the defendant denied my request without any explanation. (See, Exhibit-13, 2nd pg.).

④ While I did file a grievance on being denied Reclassification, ARUS Rogers, submitted a third request to the defendant on 8/20/2014, and that request was denied as well. (See, Exhibit-14 for the grievance filed, and Exhibit-13, pg. 3 for the 3rd Reclass. Request).

⑤ While the classifying me as unemployable was improper, because I did not meet the criteria, the keeping me on unemployable status for (4) months (June-Oct. 2014) without an explanation, was not only an egregious abuse of power, but retaliatory in nature; as the classifying me to unemployable status initially was for retaliatory purposes, and so was the abuse of power that kept me on it for (4) months.

⑥ To show further, that the refusal to Reclassify me was deliberate and Retaliatory. I stated under oath, that prisoner Hill #216413 was terminated from Food Service for a Theft misconduct (I did not receive a misconduct), and although he was terminated a month after I was, he was Reclassified by the defendant within (35) days and given a porter job, a fact never disputed by the defendant (See, Plaintiff's Complaint, Doc. 1, pg. ID 17-18 for facts asserted in (N)(1)-(6) stated above, which were never disputed).

O) On 9/7/2014, I requested Indigent, and explained my legitimate reasons for the request (See, Exhibit-15); that request was denied by the defendant on 9/9/2014 (see, Exhibit-15, pg. 2).

On 10/1/2014, I requested Indigent a second time, of which I did

Pg. 10

qualify For, the defendant did Not Respond, so I sent a kite to ARus Rogers who Respond "No you were denied" (See, Exhibit-15, pg.3).

On 10/6/2014, I Filed a legitate grievance on the defendant For Abusing her power And denying me Indigent For No Reason other than Retaliation. (See, Exhibit-16). Another undisputed claim. (See, Plaintiff's Complaint, Doc.1, pg. ID.17).

## Adverse Effect:

P) As a Result of defendant Marshall's initial Retaliation, I lost my job, which was my only source of income, And the only means to provide For myself (we have to purchase our own toothpaste, toothbrush, soap, deodorant, lotion, magic shave, dental floss, over-the-counter medications, writing paper, stamp envelopes, legal envelopes, pens, etc.) I couldn't even put money on the phone to call my family. When the defendant abused her power and restricted me from being eligible for indigent, my ability to acquire the basic necessities described above was hendered completely. The continued Retaliation (refusal to reclassify me, And denial of Indigent Requests) prolonged the harsh condition For (3) months (July-Oct.) unnecessarily. I had No Soap, toothpaste, deodorant, or any of the hygiene necessities; I had no stamps or envelopes to communicate with my family For (3) months (July -Oct.). I was denied working in the kitchen From May-13, 2014 to Nov. 2016, because of the False claims, which prevented me From a high-paying job. As a Result I did Suffer From Mental Anguish, As I was extremely Frustrated about the lack of basic hygiene, the lack of means to contact or communicate with my family, And not being able to do Anything About it, my Frustration turned into depression.

(11)

A List of Offered Exhibits:

Exhibit-00: "Prisoner/Parolee Grievances" PD-03.02.130:
Purpose of Exhibit: ①To show that the M.D.O.C. has a means of "Redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement," which establishes the legitimacy of my grievances; ②To show that officials are prohibited from retaliating against a prisoner for using the grievance system, which establishes the legitimacy of the grievances I filed on officials for their retaliatory actions; ③To show that this is well known by both, staff and prisoners, and any violation of the prohibited retaliation rule, is a deliberate one.

Exhibit-01: Grievances wrote on Food Service officials S. Jones, and Meadows.
Purpose of Exhibit: ①To show that I was engaged in protected conduct (violations of policy and procedure); ②To show that they were Food Service workers; ③And the dates I file the grievances to establish temporal proximity of defendant's retaliatory actions.

Exhibit-02: Grievances wrote on Food Service officials S. Jones, and Meadows, for their retaliation against me for filing legitimate grievances against them.
Purpose of Exhibit: ①To show that these Food Service officials issue frivolous, non-existing write-ups (counsel warnings) in response for me filing grievances against them, in an effort to have me terminated from Food Service with (3) write-ups, as expressed in Exhibit-05, but explained in more detail in my pretrial narrative statement; ②To show the dates I filed the grievances to establish their retaliatory motive, and the temporal proximity of defendant's retaliatory action.

Exhibit-3: Grievance wrote on Food Service official D. North.
Purpose of Exhibit: To show that I was engaged in protected conduct

(12)

(violation of policy and procedure); ② To show that he was a Food Service worker; and to show the date I wrote the grievance to establish temporal proximity of defendant's Retaliatory Actions.

Exhibit-04: Grievance Filed against Food Service official D. North.
Purpose of Exhibit: ① To show that Food Service official D. North's Retaliatory motive to have me terminated from Food Service; ② To show the date I filed the grievance for Retaliation to establish temporal proximity of defendant's Retaliatory Actions.

Exhibit-05: "Orientation Manual for RMI Food Service Workers".
Purpose of Exhibit: ① To show Food Service officials (who I filed grievances against) objective to have me terminated from my job for (3) write-ups (on pg. 6, No. 6 of Exhibit-05); ② To show that the write-ups were Frivolous, as they were not Rule infractions of any kind (They were asserted on the "Disciplinary Tracking Sheet"), as the defendant has tried to claim, that the write-ups were legitimate. ③ To show that I was suppose to had Received a (30) day conditional, as was officially requested (pg. 5 of Exhibit-05), but the defendant chose to abuse her authority, to meet the Retaliatory objective of Food Service officials; ④ To show that Food Service officials cannot terminate a prisoner, but must request termination, the the determination to terminate (based on a proper Request) solely Rest with the defendant (pg. 6 of Exhibit-05) establishing the connection between the Retaliatory efforts of Food Service officials and the defendant's Action; ⑤ To show that there is no Food Service Rule, that a prisoner cannot possess store item(s) on his job assignment.

Exhibit-06: "Food Service Disciplinary Tracking Sheet".
Purpose of Exhibit: ① To show Food Service officials Retaliatory objective to have me terminated from my job with (3) write-ups, in accordance with

(13)

Exhibit-05, pg.6, No.6; ② To show the dates of their Retaliatory Actions, and the defendant's, to establish the connection; ③ To show that the write-ups were Frivolous, Non-existing Rule Infractions.

Exhibit-07: "Lay In Notice" Produced by D. North.
Purpose of Exhibit: ① To show the source of the cause of the Reclassification hearing being held; ② To show that D. North Requested that I be terminated for the (3) Retaliatory write-ups, which partially influenced the defendant's decision to terminate me; ③ To show how North Re-Created S. Jones' write-up (which was for "being Argumentive") and claimed that Jones warned me about doing legal work on the job, which establishes North's motive, which did cause and influence the defendant's actions.

Exhibit-08: "Prisoner Program and Work Assignment Evaluation (CSJ-363)".
Purpose of Exhibit: ① To show the source of the cause of the Reclassification hearing being held; ② To show, that Food Service Official North Requested a (30) day conditional in accordance with PD-05.01.100(FF), and the Orientation manual for Food Service workers, pg. 5. Establishing that the defendant abused her authority for the sole purpose of Retaliation, when she instead terminated me from assignment; ③ To show the connection between the grievance I filed against North, his Retaliatory Actions, and the defendant's actions, which Resulted in my termination.

Exhibit-09: "Program Classification Report"; "Memorandum"; and handwritten Statement by prisoner Johnson #791359.
Purpose of Exhibit: ① To show defendant's Retaliatory Action; ② To show defendant's official Reason for the termination, which is contrary to her claim in her Affidavit, establishing perjury, and establishing that the reason asserted on the Program Classification Report, was a fabercation; ③ To show that I was also unjustly Reclassified as unemployable; Restricted to my

cell, and ineligible for indigent as a means to further punish me; ④ To show that I was terminated from Food Service indefinately while housed at R.M.I.; ⑤ To show the Statement of Johnson, along with the grievances were brought to the hearing; ⑥ The Statement also is needed, because it was sent to Deputy Skipper along with my letter, and the two combined are the reasons why there is no investigation report, and why no misconduct was ever written.

Exhibit-10: "Affidavit of Nancy Marshall".
Purpose of Exhibit: ① To show that the defendant was motivated in part by the retaliatory fabercation of D. North; ② To show that the defendant committed perjury, as the official termination report does not have the retaliatory fabercation of North written on it, but rater (rather) she asserted a fabercation of her own.

Exhibit-11: "Prisoner Program Classification".
Purpose of Exhibit: ① To show that the Department has an official, procedural process to conduct a reclassification/termination hearing. Establishing that the assertion of the fabercation claim that she terminated me for a 436 misconduct was her official penological reason for termination; ② To show that the Department has an official, procedural process by which officials must use to request termination, which is in accord with the Orientation manual. Id. Because no one requested that I be terminated "officially" this establishes that the defendant abused her authority to acheive her retaliatory goal; ③ To show that I did not meet the criteria to be terminated; ④ To show that I did not meet the criteria to be reclassified as unemployable.

Exhibit-12: Grievance wrote on defendant Marshall.
Purpose of Exhibit: ① To show that the defendant never mentioned anything about the claims asserted in the reclassification report; ② To show that

the defendant had an opportunity to correct her action, but chose not to.

Exhibit-13: (3) "Program Classification Report".

Purpose of Exhibit: ① To show that I tried to get reclassified three times, and the defendant refused without a review or explanation, showing further retaliatory actions; ② To show that the fabricated penological reason she asserted on the reclassification hearing report was false; ③ To show that ARUS Rogers asked the defendant "why?" was I on unemployable status, and the defendant responded "various reasons from F/S", establishing the connection between the grievances I filed against Food Service officials, the retaliatory actions they took, and the defendant's motive and actions.

Exhibit-14: Grievance wrote against defendant Marshall.

Purpose of Exhibit: ① To show that the defendant continued to punish me for no other reason other than retaliation for the grievances I filed against Food Service officials and her.

Exhibit-15: "Prisoner kite" to defendant Marshall; "memorandum" from defendant Marshall; kite to ARUS Rogers.

Purpose of Exhibit: ① To show that I requested indigent twice, and was denied both times by the defendant, despite the fact that I meet the criteria, showing more punishment.

Exhibit-16: Grievance wrote against defendant Marshall.

Purpose of Exhibit: ① To show that the defendant continued her retaliatory acts.

Note: The documents referred to above are records regularly conducted through activity of the Department (M.D.O.C.). The records were made at or near the time of the occurrences reflected in this Pretrial Narrative Statement.

C.C. File

Robert L. Dykes-Bey
Robert L. Dykes-Bey
March 6, 2018

(16)

Robert L. Dykes-Bey
**Oaks Correctional Facility**
Prisoner #201541
1500 Caberfae Highway
Manistee, MI 49660



U.S. POSTAGE >> PITNEY BOWES
ZIP 49626 $ 007.25⁰
02 1W
0001403131 MAR 06 2018

To: Office of the Clerk
United States District Court
399 Federal Building
110 Michigan ~~Ave~~ N.W.
Grand Rapids, MI. 49503-2363



UNITED STATES POSTAL SERVICE®

USPS TRACKING #

9114 9014 9645 1514 6099 19