UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. DYKES #201541,

       Plaintiff,                        Case No. 1:14-cv-1167

v                                         Hon. Ray Kent

N. MARSHALL,

       Defendant.
_____/

**JURY NOTES**

Can we know the date Dykes-Bey was incarserated.

8/23/18
11:01 am

Case 1:14-cv-01167-RSK   ECF No. 121,  PageID.979   Filed 08/23/18   Page 3 of 19

In response to your question, plaintiff was a prisoner under the custody of the Michigan Department of Corrections at all times relevant to the complaint

*Judge Kent*

What are the 3 parts of the complaint we are deciding on

\#1 Done

\#2 ???

\# Nancy retaliation

8/23/18
11:24 a.m.

*[signature]*

In response to your second question, I have attached a copy of the jury instruction setting forth CV 3.03 - Specific Elements of Claims. With regard to the first element, the defendant has conceded that plaintiff's conduct was protected by the 1st Amendment, therefore you may consider that element proven.

*Judge [signature]*

## CV 3.03 - Specific Elements of Claims

### First Amendment Retaliation claim

In order to prove a retaliation claim, the Plaintiff must establish, by a preponderance of the evidence, each and every one of the following three elements:

(1) the Plaintiff's conduct was protected by the First Amendment;

(2) the Defendant took an adverse action against the Plaintiff; and

(3) the Defendant's adverse action was motivated, at least in part, by the Plaintiff's protected conduct.

I will explain each of these elements in greater detail in a moment. If you find the Plaintiff has proven each of these elements by a preponderance of the evidence, your verdict will be for the Plaintiff.

### Protected Conduct

Plaintiff has a First Amendment right to file grievances against prison officials. Plaintiff has proven this element.

### Adverse Action

An adverse action is one that is capable of deterring a person of ordinary firmness from pursuing his First Amendment rights. If you believe that Plaintiff has proven by a preponderance of the evidence that Defendant took action against Plaintiff that would deter a person of ordinary firmness from filing grievances against Defendant, then Defendant has taken an adverse action against the Plaintiff.

### Motivation

Plaintiff has the burden of establishing by a preponderance of the evidence, that his protected conduct was a motivating factor in the Defendant's adverse action. This

16

does not mean that Plaintiff's protected conduct must be the only factor that motivated the Defendant's adverse action. In this case, Plaintiff must establish that Defendant was motivated to take an adverse action against Plaintiff at least in part because he filed grievances against other prison officials.

In considering whether Plaintiff's protected conduct was a motivating factor in Defendant's adverse action, you may consider such factors as Defendant's statements as well as the length of time between Plaintiff's protected conduct and Defendant's alleged adverse action.

**Defendant's Rebuttal Burden**

If Plaintiff shows that his protected conduct was a motivating factor in the Defendant's action, the Defendant bears the burden of establishing, by a preponderance of the evidence, that she would have taken the same action even if Plaintiff had not engaged in the protected activity.

If you find either that Plaintiff has failed to prove by a preponderance all of the things required of him, or that Defendant has shown by a preponderance that she would have taken the same action even without the protected activity, your verdict will be for Defendant.[1]

---

[1] *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (setting forth the three elements); *id.* at 399 ("If the defendant can show that he would have taken the same action in absence of the protected activity, he is entitled to prevail….").

17

If we find in favor of Plaintiff
we determine amount of damages

How much do FS employees earn on an hour~~ly/weekly~~ basis?

8/23/18
1:01 pm

In response to your third question, I have attached copies of CV 3.04A – Damages - Reasonable - Not Speculative, the Nominal Damages instruction, the Punitive Damages instruction, and CV 3.05A – Prejudgment Interest.

*[signature]*

## CV 3.04A - Damages - Reasonable - Not Speculative

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

## NOMINAL DAMAGES

If you return a verdict in the Plaintiff's favor on his claims, but find that he failed to meet his burden of proving that he suffered any actual injuries, then you must award the Plaintiff "nominal damages" not to exceed one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

## PUNITIVE DAMAGES

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish the defendant for extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of the plaintiff and against the defendants, then you may, but are not required to, award the plaintiff an amount as punitive damages if you find it is appropriate to punish the defendant or to deter the defendant and others from like conduct in the future. Whether to award the plaintiff punitive damages and the amount of those damages is within your sound discretion.

## CV 3.05A - Prejudgment Interest

If you decide that the plaintiff has suffered damages, then you should award plaintiff that amount of interest which you find will fairly compensate the plaintiff for the loss of use of the plaintiff's funds. If you decide to award interest, the interest should begin to run on the date when plaintiff's total damages became ascertainable which would be November 12, 2014. The interest should run from November 12, 2014 through today's date. The interest rate shall be 2.622%.

Do we have to put a dollar amount down?

or a phase ~~A~~

1460 days of lost wages

8/23/13
1:36 p.m.

[signature]

If you have decided to award damages, the verdict form requires a dollar amount.

*Judge [signature]*